**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PLANET AID,
a Massachusetts nonprofit corporation,

  Plaintiff,

              Hon. Janet T. Neff

v.               Case No.1:14-cv-00149-JTN

CITY OF ST. JOHNS,
a Michigan municipal corporation,

  Defendant.

---

**Dalton & Tomich, plc**
Daniel P. Dalton (P 44056)
Attorney for Plaintiff      **ORAL ARGUMENT REQUESTED**
719 Griswold Street, Suite 270
Detroit, Michigan 48226
313.859.6000
313.859.8888 (fax)
ddalton@daltontomich.com

---

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER,**
**OR IN THE ALTERNATIVE REQUEST FOR PRELIMINARY INJUNCTION**

NOW COMES Plaintiff, PLANET AID, through its counsel *Dalton & Tomich, plc*, and submits this Motion for a Temporary Restraining Order, or in the alternative, Motion for Preliminary Injunction. On January 27, 2014, Defendant CITY OF ST. JOHNS ("Defendant" or "City") adopted Ordinance #618 (the "Ordinance"), which amends the St. Johns Zoning Ordinance ("SJZO") and entirely prohibits Plaintiff and any other donation bin operator from placing donation bins in the City for the purpose of collecting charitable donations of used clothing and household goods.

In support of this Motion, Plaintiff states as follows:

1.      Plaintiff Planet Aid, a Massachusetts nonprofit corporation, was founded in 1997 in order to improve health, aid vulnerable children, and reduce poverty in innumerable communities.

2.      As a means of carrying out this mission, Planet Aid operates and maintains donation bins at various private properties across the country. Individuals are able to donate their used clothing, shoes, and other textiles at these locations. Plaintiff then recycles the donated goods into various secondary markets that distribute the donated goods to less fortunate individuals across the United States and various other countries.

3.      Planet Aid officials request and obtain permission from the property owner or manager before placing one of its clearly marked and properly maintained donation bins at a private property. All of Planet Aid's donation bins also contain contact information so Planet Aid representatives can be informed if there are any issues with its donation bins.

4.       On or about December 13, 2012, Planet Aid placed two donation bins in the City of St. Johns: one at the former Save-a-Lot located at 1001 S. BR US Highway 27, St. Johns, MI 48879, and another at the vacant Marathon gas station located at 701 West State Street, St. Johns, MI 48879.

5.      On January 14, 2013, the City's Community Development Director sent a letter to Planet Aid representatives informing them that their donation bins were a nuisance and needed to be removed by January 23, 2013.

6.      Planet Aid's counsel consulted with the City Attorney in an attempt to allow the donation bins to remain at the properties until the Planning Commission or City Commission made a decision about the donation bins. However, the City Attorney was adamant that City

officials maintained their stance that the bins were nuisances and improper accessory uses and needed to be removed.

7.      On or about January 31, 2013, City officials removed Planet Aid's bins.

8.      On February 4, 2013, Planet Aid officials picked up the confiscated bins from the Department of Public Works.

9.      After the City already confiscated and removed Planet Aid's donation bins, the City began to discuss and draft a written amendment to the SJZO that prohibits donation bins in the City.

10.      On January 27, 2014, the City Commission voted unanimously to adopt proposed Ordinance #618 (the "Ordinance"), which amends Title VX, Chapter 155 of the SJZO and completely prohibits donation bins in the City. The only exception provided in the Ordinance is for donation bins in existence on the date the Ordinance was enacted; this does not apply to Plaintiff, as the City forcibly removed Plaintiff's bins more than one year before the Ordinance went into effect.

11.      The Ordinance states the purpose of the complete ban on donation bins is to prevent blight, protect property values, avoid nuisances and criminal activity, and ensure the safe and sanitary maintenance of properties in the City.

12.      As of January 27, 2014, the City completely prohibits donation bins from the City. On the other hand, organizations that solicit donations at permanent facilities, such as Goodwill, are unaffected by the Ordinance and are able to continue to solicit and accept donated items in the City.

13.      The City also makes an indiscriminate distinction by exempting donation bins in existence at the time the Ordinance went into effect but prohibiting all other donation bins.

3

14. The solicitation of charitable donations is a form of speech protected by the First Amendment to the United States Constitution. *Schaumburg v. Citizens for a Better Env't*, 444 U.S. 620, 633 (1980); *Thomas v. Collins*, 323 U.S. 516, 540-41 (1945).

15. Further, under Michigan law "a zoning ordinance that totally excludes an otherwise legitimate use carries with it a strong taint of unlawful discrimination and a denial of equal protection of the law with regard to the excluded use." *English v. Augusta Twp.*, 204 Mich. App. 33, 37 (Mich. Ct. App. 1994) (citing *Kropf v Sterling Heights,* 391 Mich. 139, 155-56; 215 N.W.2d 179 (1974)).

16. A finding of irreparable injury is mandatory where a constitutional right is being threatened or impaired. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

17. Consequently, Plaintiff has demonstrated a likelihood of success on the merits of its claim, as it has suffered and continues to suffer irreparable harm to its constitutional rights based on the City's enforcement of the Ordinance. The balance of hardships clearly weighs in favor of granting the injunction to protect Plaintiff's constitutional rights, which will also serve the public interest.

18. Since the injuries the Ordinance has inflicted and continues to inflict upon Plaintiff and all donation bin operators are actual, imminent and ongoing, Plaintiff respectfully requests immediate consideration of this Motion by the Court.

19. Plaintiff relies upon the facts and legal arguments as more fully set forth in the attached Brief in Support of this Motion.

WHEREFORE, Plaintiff Planet Aid requests this Court immediately consider and GRANT its Motion for Temporary Restraining Order or, in the alternative, Preliminary Injunction, and enjoin the City from denying Plaintiff the right to exercise its constitutional right

to solicit and collect charitable donations by placing donation bins in the City. Plaintiff further requests that this Court enter an Order that enjoins the City from enforcing the Ordinance pending final resolution of the claims asserted in Plaintiff's Complaint.

Dated: February 28, 2014

Respectfully Submitted,

**DALTON & TOMICH, PLC**

By: *Daniel P. Dalton*_____
Daniel P. Dalton (P 44056)
Attorney for Plaintiff
719 Griswold Street, Suite 270
Detroit, Michigan 48226
313.859.6000
313.859.8888 (fax)
ddalton@daltontomich.com

### Certificate of Compliance

Plaintiff's counsel contacted City Attorney John Salemi on February 28, 2014, in an effort to obtain concurrence in compliance with W.D. Mich. L. Civ. R. 7.1(d). In response, City Attorney Salemi informed Plaintiff's counsel that he is not representing the City of St. Johns in the instant matter. No other counsel for the City has yet filed an appearance in this matter.

/s/Daniel P. Dalton
Attorney for Plaintiff

### Certificate of Service

I hereby certify that on the 28th day of February, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served a copy of the foregoing Motion on Defendant via U.S. mail.

/s/Daniel P. Dalton
Attorney for Plaintiff